UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

CASE NO. 00-699-CIV-SEITZ/TURNOFF

ANDRES PEREZ,

    Plaintiff,

v.

CITY OF HIALEAH,
ROLANDO BOLANOS,
and RAUL MARTINEZ,

    Defendants.
_____/



FILED by _____ D.C.

OCT 30 2001

CLARENCE MADDOX
CLER. U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Defendants City of Hialeah ["Hialeah"], Hialeah Police Chief Rolando Bolanos ["Bolanos"], and Hialeah Mayor Raul Martinez ["Martinez"] have moved to dismiss Plaintiff Andres Perez' ["Perez"] complaint arising under 42 U.S.C. § 1983 ["Section 1983"] for failure to state a claim for relief. (*See* Defs.' Mot. [**D.E. No. 26**].) For the reasons briefly stated below, the Court will grant Defendants' motion.

### BACKGROUND

Several years ago, in autumn, 1999, Perez ran an unsuccessful campaign to serve as a Councilman in Hialeah. According to Perez, Mayor Martinez and Chief Bolanos interfered with his campaign and contributed to his defeat at the polls by conspicuously investigating whether he resided in Hialeah, "turning a blind eye" to the unlawful campaign tactics of his opponent, and forcing his supporters to remove campaign advertisements placed near polling places in compliance with electoral regulations. (*See* Am. Compl. at 2-5.) Thereafter, Perez filed a civil rights complaint in the Southern District of Florida, citing three incidents[1] in

---

[1] In the first incident, Hialeah allegedly investigated Perez' residency "with the intent to find information to use against [his] campaign" by assigning four police detectives to follow him "indiscriminately," and to "travel[] door to door advising residents of the . . . investigation." (*Id.* at 2.) The second incident occurred after Perez' supporters were assaulted at gunpoint by persons that Hialeah police later found at his opponent's headquarters. Mayor Martinez was also at the scene, and after his "direct involvement," the alleged perpetrators were released and no further investigation took place. (*Id.* at 4.) Lastly, on election day, Chief Bolanos personally ordered Perez' supporters to remove properly-placed political advertisements near polling places without directing other candidates' supporters to do likewise. (*Id.* at 5.)

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 2

which Martinez, Bolanos, and Hialeah allegedly acted under color of state law to deprive him of his Constitutional rights, specifically, his rights to due process, equal protection, freedom from "physical abuse, coercion, and intimidation," freedom from unreasonable search or seizure, and freedom of speech. (*See id.* at 5-6.) The defendants moved to dismiss his complaint.

## DISCUSSION

### 1. Standard Governing Dismissal for Failure to State a Claim

*Federal Rule of Civil Procedure* 12(b)(6) provides that dismissal of a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackstone v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (citation omitted). The Court must accept the plaintiff's allegations of fact as true and view those allegations in a favorable light to determine whether the complaint fails to state a claim for relief. *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1298 (11th Cir. 2000).

### 2. Substantive Standard: Section 1983

To prevail under Section 1983, Perez must prove that a person acting under color of state law deprived him of a federal right. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).[2] Hence, at the outset of the case, Perez must allege facts that would demonstrate that his federal rights were violated, that the defendants caused that violation, and that the defendants were state actors or appeared to act on behalf of the local government at the time of the alleged violation. *See Scott v. Dixon*, 720 F.2d 1542, 1545 (11th Cir. 1983).

---

[2] Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 3

### 3. Perez' Amended Complaint Fails to State a Claim for Relief

As explained below, whether one examines the incidents alleged in the complaint separately or together, it is clear that Perez has not pled facts which, if proven, would satisfy the foregoing requirements and establish his right to money damages under 42 U.S.C. § 1983. Indeed, Perez has failed to plead facts that would subject Hialeah to municipal liability or strip Bolanos and Martinez of their qualified immunity.

#### A. Perez' Allegations Do Not Support His Section 1983 Claims

#### 1. First Incident

Perez first alleges that the defendants violated his federal rights under color of state or local law by conducting an investigation of residential status in Hialeah "with the sole intent of undermining [his] political campaign," following him "indiscriminately" and traveling "door to door advising residents of the alleged investigation." (Am. Compl. at 3.) Although these allegations are disturbing, they do not state a claim for relief under Section 1983.

Defendants contend that the first incident does not support a Section 1983 claim because "a political candidate has [no] constitutional right to be free of . . . investigations during an election because of the possible adverse impact such investigation[s] might have on his prospects for election." (Defs.' Mot. at 4.) This contention misconstrues the plaintiff's claim to some extent. It is undisputed that, as a matter of Constitutional, federal, or local law, Martinez and Bolanos had the authority to investigate Perez' residency.[3] Perez alleges that Martinez and Bolanos enforced the law with a *corrupt* intent, however, employing unlawful means to investigate his residency.

Nevertheless, the defendants are correct in the view that Perez' allegations concerning the first

---

[3] Hialeah's Charter requires a candidate for office to reside in Hialeah for one year prior to the election. (*See* Defs.' Mot. Ex. A (Hialeah Charter, art. V, §§ 5.01, 5.05).) Florida law requires candidates for political office to affirm that they are qualified to hold a desired office, FLA. STAT. ANN. § 99.021, and a candidate who willfully and falsely makes such an affirmation commits a felony under state law. *Id.* § 104.011(1). Hialeah's Charter states that the Mayor supervises the Chief of Police, who investigates and enforces the criminal laws. (*See* Defs.' Mot. Ex. A (Charter, art. IV, § 4.04).)

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 4

incident are insufficient to state a claim under Section 1983. Although Perez alleges that Hialeah police followed him "indiscriminately" and informed other Hialeah residents of their investigation, these bare allegations do not show that the defendants actually violated Perez' rights. Perez' characterization of the defendants' acts as "indiscriminate" is not a concrete allegation of fact, it is an expression of his opinion. Further, the police might well have lawful reasons to observe a person or contact other residents in investigating a person's residency. Perez' expression of his opinion, coupled with these two bare facts, does not given rise to a Section 1983 claim. He must substantiate his claims with concrete factual allegations that, if proven, would establish that the defendants actually violated his rights to due process, equal protection, freedom of speech, or freedom from unreasonable search or seizure. Further, Perez must allege specific grounds for municipal liability or setting aside Martinez and Bolanos' qualified immunity. *See infra* § B.1-2.

### 2. Second Incident

Next, Perez alleges that the defendants violated his federal rights under color of state or local law by declining to search, investigate, or prosecute opponents of his campaign for an assault upon his supporters. (Am. Compl. at 3-4.) These allegations do not support a Section 1983 claim for several reasons.

Perez' "overlooked assault" claim rests on the assumption that he has a federal right to require the police to investigate or arrest another person for a crime. The U.S. Supreme Court has held, however, that the Constitution does *not* impose a general obligation upon the government to provide protection from private wrongdoers subject to Section 1983 liability. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1980); *Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir. 1983). Federal law did not require the defendants to protect Perez' supporters from private violence or prosecute the alleged perpetrators.

Second, even if Perez' "overlooked assault" claim was cognizable under federal law, the plaintiff would lack standing to assert it. It is well-established that a plaintiff "must assert his own legal rights and

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 5

interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Perez cannot claim that he suffered an invasion of his legally protected interests because (according to the allegations of the complaint) he was not assaulted, he was not personally deprived of the opportunity to press charges, and he has not pled facts to show any hindrance to the ability of his campaign supporters to assert their own interests. *See Nordlinger v. Hahn*, 505 U.S. 1, 10-11 (1992); *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991). Perez' allegations concerning the second incident do not support his Section 1983 claim.

### 3. Third Incident

Lastly, Perez alleges that the defendants violated his federal rights under color of state or local law by ordering his supporters to remove campaign advertisements placed near polling places "fully in compliance with all applicable election laws." (Am. Compl. at 4.) These allegations also do not state a claim under 42 U.S.C. § 1983.

Perez has not alleged facts that demonstrate the violation of any federal right. Verbal warnings or threats of arrest generally do not, by themselves, implicate the Fourth Amendment proscription against unreasonable search and seizure. *See Lansdown v. Chadwick*, 258 F.3d 754, 756-57 (8th Cir. 2001); *Dick v. Gainer*, 172 F.3d 52, 1998 WL 894649, at *4 (7th Cir. Dec. 18, 1998); *Butitta v. Carbajal*, 116 F.3d 1485, 1997 WL 345719, at *1 (9th Cir. June 23, 1997). Typically, some actual restraint, search, or use of force must be pled. *See Penthouse Int'l, Ltd. v. McAuliffe*, 610 F.2d 1353, 1361 (5th Cir.1980) (concluding that "constructive seizure" of materials occurred when government officials engaged in warrantless arrests and threats of prosecution against magazine sellers).[4] Moreover, Perez' allegations are conclusory in that they

---

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions that the former Court of Appeals for the Fifth Circuit rendered before October 1, 1981.

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 6

consist of legal conclusions instead of facts.[5] In any event, Perez does not have standing to sue the defendants for money damages because the allegations of the complaint establish that his own rights were not violated. He was not personally deprived of the right to speak freely or to assemble, and no police officer threatened to arrest or detain him. *See supra* page 4-5.

### 4. Perez' Amended Complaint Fails to State a Claim

As the foregoing discussion suggests, Perez' amended complaint employs a "scattershot" approach to asserting a Section 1983 claim. Perez' basic complaint, however, is that the defendants abused their authority in order to "undermin[e] the plaintiff's political campaign." (Am. Compl. at 3; *see also id.* at 5 (alleging that Bolanos' unlawful conduct "severely hindered the ability of the plaintiff to properly conduct his campaign and contributed to his having lost the election"); *id.* at 7 (alleging that defendants deprived him "of his right to participate in a fair election for the position").) This complaint, standing alone, does not give rise to a federal claim. Perez clearly has not pled facts that would bring his claims within the equal protection clause, such as discrimination based on an invidious classification such as race, gender, or religion. (*See* Def.'s Mot. at 7.) Nor has Perez alleged facts that would support a due process claim. "When reviewing a due-process claim, the threshold question is whether plaintiffs were deprived of a protected property or liberty interest." *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1486 (11th Cir. 1992). Perez' election drive is tantamount to seeking a prospective promotion, and the Court of Appeals for the Eleventh Circuit has held that "a prospective promotion is not a property or liberty interest protected by the fourteenth amendment." *Wu v. Thomas*, 847 F.2d 1480, 1485 (11th Cir. 1988); (*see also* Def.'s Mot. at 7-9). As stated before, Perez has not alleged facts that demonstrate that the defendant infringed his First or Fourth Amendment rights. His complaint fails to state a claim under Section 1983.

---

[5] (*See* Am. Compl. at 4 (alleging that "campaign workers were . . . campaigning near the voting polls fully in compliance with all applicable election laws")); *see also* FLA. STAT. ANN. § 102.031(3)(c) (prohibiting solicitation of voters within 50 feet of polling station on date of election).

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 7

### B. Perez' Allegations Do Not Establish Municipal or Personal Liability

#### 1. Municipal Liability

The defendants contend that Perez has not pled sufficient facts to support a claim for municipal liability because there are no allegations to show that Hialeah's municipal policy or practices were "the moving force of the constitutional violation[s]" alleged. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), *cited in* (Defs.' Mot. at 10). Perez has not answered this contention and, aside from the three incidents alleged in the complaint, there are no allegations whatsoever concerning Hialeah's policies or practices. The Court has already held that the facts alleged in the complaint do not illustrate that the defendants violated the plaintiff's federal rights. Perez' claim that Hialeah "engaged in a pattern of depriving [its] residents of their fundamental civil rights" is not supported by allegations that, if proven, would establish municipal liability.

Additionally, separate federal claims against Bolanos and Martinez as "state actors" are improper and duplicative of the plaintiff's claim against Hialeah. The complaint alleges that the actions of the "[d]efendants, individually and collectively," deprived Perez of his federal rights. (Am. Compl. at 6.) However, a municipality can only act through the actions of its agents, so Perez' claim against municipal employees acting in their official capacities is repetitive of his claim against the municipality itself. *See Hafer v. Melo*, 502 U.S. 21, 25 (1992). Perez' claims against Bolanos and Martinez may be dismissed for this reason alone. *See* FED. R. CIV. P. 8(e); JOHN B. CORR, ET AL., FEDERAL CIVIL RULES HANDBOOK 225 (West 8th Ed. 2001).

#### 2. Qualified Immunity

Under the doctrine of qualified immunity, "government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates clearly established [federal] statutory or constitutional rights of which a reasonable person would have

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 8

known." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1366 (11th Cir. 1998) (citation and internal quotation marks omitted). "Qualified immunity . . . [is] the rule, rather than the exception." *Id.* at 1366.

Perez' Section 1983 claim against Bolanos and Martinez cannot proceed unless the complaint sufficiently alleges the violation of a "clearly established" right.[6] Where "a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right." *Id.* at 1367. The Court has already discussed the plaintiff's failure in this regard.

## CONCLUSION

For the reasons stated above, it is

ORDERED that the Defendants' Motion to Dismiss [**D.E. No. 26**] is GRANTED. Plaintiff's Amended Complaint is DISMISSED without prejudice. Plaintiff may file a Seconded Amended Complaint containing specific allegations of fact sufficient for a federal claim by **November 27, 2001**. If Plaintiff chooses not to file a Second Amended Complaint by that date, this case will be CLOSED without further Order.

DONE AND ORDERED in Miami, Florida, this 29th day of October, 2001.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Since the initiation of this Court's FAXBACK program, the parties are no longer required to submit envelopes with their motions & proposed orders. Orders should include a full service list.

---

[6] "For a right to be 'clearly established,' previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." *Id.* A government actor gets "the benefit of the doubt unless . . . [her] actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them." *Id.* In this case, the defendants investigated Perez' residency under local ordinances, failed to arrest suspects based on evidence provided by Perez' supporters, and admonished campaign workers to remove advertisements near a polling station. *See supra* note 1. The Court cannot conclude from Perez' bare allegations that the defendants' actions were obviously illegal. Indeed, their actions largely implicated third parties' federal rights, not those belonging to Perez. *See supra* page 4-5.

*Perez v. City of Hialeah*
Civ. No. 00-699-S/T
Dismissal Order
page 9

Copies provided:

**Magistrate Judge Garber**

Alan E. Krueger, Esq.
501 Palm Ave.
P.O. Box 11-0040
Hialeah, FL 33011

Jerry Velazquez, Esq.
900 West 49th St., Suite 430
Hialeah, FL 33012